## In re Republican Nominations in Olyphant Borough

Before Hoban, P. J., Eagen and Robinson, JJ.

*J. Julius Levy*, for petitioner.

*Milton J. Kolansky, Leo G. Knoll, Ernest D. Preate* and *Joseph Marzzacco*, for respondents.

PER CURIAM, October 26, 1949.—William Evans, petitioner, who claims to be the chairman of the Republican Party County Committee of Lackawanna County, objects to the substituted nomination certificate designating William J. Rogan as the Republican Party candidate for tax collector of Olyphant Borough to replace a candidate nominated at the primary election of September 13, 1949, who subsequently withdrew. This is one of nine similar sets of objections filed to substituted nominations made in the same way, and the reasons for the decision announced herein apply to each of the other cases.

Evans claims that at an illegally convened meeting of the County Executive Committee of the Republican Party held September 30, 1949, he was read out of the office of county chairman, and one Sarah Gaul illegally elected as chairman in his place; that at a subsequent meeting of the county executive committee

convened by Mrs. Gaul on October 17, 1949, this and the other nominations were made; that the substituted nomination certificates filed on October 19, 1949, with the county board of elections were signed by Mrs. Gaul, who if not the county chairman was a person not authorized to sign the certificates according to section 979 of the Election Code, as amended: Act of June 3, 1937, P. L. 1333, as amended by section 1 of the Act of May 6, 1943, P. L. 196, 25 PS §2939.

Whether the ouster of Evans was proper or not we are all of the opinion that the nomination of the substituted candidates at the meeting of October 17, 1949, was the action of the representative committee designated by the rules of the party to make such nominations. See rule VI.* There is no dispute that all members of the committee, including petitioner, had notice of this meeting and that a quorum was present.

The irregularities of procedure complained of ought not to defeat the will of a representative body. Evans had the opportunity to attend this meeting and assert his opinion as a member, even if he could not maintain his prerogatives as chairman. Even if he had presided he could not thwart the will of the committee. Suppose in such a case he had refused to sign the certificates after the committee designated the nominees. Could the board refuse the certificates for that reason?

---

\* EDITOR'S NOTE.—Following is the text of rule VI:

"Rule VI. If for any legal reason, the Republican Party shall fail to have a candidate for any Congressional, Judicial, Legislative or County office to be voted for in the County at large or in any Congressional, Senatorial or Legislative District thereof, at any election, the Executive Committee may name a qualified person as the Republican nominee for such office. If for any legal reason the Republican Party shall fail to have a candidate for any City, Borough, Township, Ward or District, or School District Office to be filled at any election, the Executive Committee, on recommendation of the City, Borough, Township, Ward or District, or School District Committee, wherein such vacancy exists, may name a qualified person as the Republican nominee for such office."

We apprehend not, for to hold otherwise would be to permit one man to destroy the representative system provided by the party rules and sanctioned by the Election Code.

If Evans wants to test his right to the office of county chairman he must do so by other means or by political action. This court cannot arbitrate the internal squabbles of political parties: Com. ex rel. Koontz et al. v. Dunkle, 355 Pa. 493.

We are concerned only with the legality of the nomination certificates. We hold that when a committee authorized by the rules of a political party makes substituted nominations the de facto officers of the committee at its meeting may execute the nomination certificates if for any reason whatsoever the dejure officers refuse or are unable to do so.

Now, October 26, 1949, the petition is dismissed, costs on petitioner.